UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

-------------------------------------------------------------X

TROY MOXLEY and THOMAS SPIEGAL    :
Individually and on Behalf of All    :
Other Persons Similarly Situated,    :    **COLLECTIVE ACTION**
    :    **COMPLAINT**
    Plaintiffs,    :
    :
    -against-    :    <u>JURY TRIAL DEMANDED</u>
    :
OS RESTAURANT SERVICES, LLC and    :
BLOOMIN' BRANDS, INC., together    :    Civil Action No.:
doing business as BONEFISH GRILL    :
    :
    Defendants.    :

-------------------------------------------------------------X

## INTRODUCTION

Plaintiff Troy Moxley and Plaintiff Thomas Spiegel (together "Plaintiffs"), individually and on behalf of all others similarly situated, through counsel, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.    This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") for Plaintiffs and other current and former Assistant Managers, and similarly situated current and former employees holding comparable positions but different titles, including but not limited to Kitchen Manager ("KM") and Front of House Manager ("FOH Manager")(collectively, "Assistant Managers" or "AMs")[1], employed by Defendants in the United States, who worked more than 40 hours in any given workweek at any Bonefish Grill operated by Defendants in the United States, from three years before the date this Complaint

---

[1] The "Kitchen Manager" title at Defendants' restaurants is equivalent to, and used interchangeably with, the "Culinary Manager" title. Similarly, the "Front of House Manager" title is equivalent to, and used interchangeably with, the "Hospitality Manager" title.  Defendants also sometimes refer to AMs as "Restaurant Managers."

was filed until the entry of judgment in this mater, and who elect to opt into this action pursuant to 29 U.S.C. §216(b) (the "Collective").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3.      Venue is proper pursuant to 28 U.S.C. §1391 because Defendants' principle place of business is within this District and Defendants are subject to personal jurisdiction in this District.

4.      Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5.      Upon information and belief, Defendants regularly conduct business in this District.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.      Plaintiff Moxley is an individual residing in Savannah, Georgia.

8.      Plaintiff Moxley was employed by Defendants from approximately August 2016 through August 2019, and worked as an Assistant Manager for approximately the last two years of that employment. From August 2017 through July 2018, Plaintiff Moxley was employed by Defendant as a Kitchen Manager at the Bonefish Grill located in Hilton Head, SC; from July 2018 through August 2019, Plaintiff Moxley was employed by Defendants at the Bonefish Grill located in Savannah, GA, where he worked, at different times, as both a Kitchen Manager and as a Front of House Manager.

2

9.      Plaintiff Spiegel is an individual residing in Coplay, PA.

10.     Plaintiff Spiegel was employed by Defendants as a Kitchen Manager from April 2017 through September 2019 at the Bonefish Grill located in Whitehall, PA.

11.     Defendant OS Restaurant Services, LLC ("OS") is a Florida limited liability company with its principal place of business in Florida.

12.     OS is a wholly owned subsidiary of Defendant Bloomin' Brands, Inc.

13.     Defendant Bloomin' Brands, Inc. is a Delaware corporation with its principal place of business in Florida.

14.     According to its publicly available 10-K SEC filing, dated February 26, 2020, Bloomin' Brands, Inc. reported total revenues of over $4.1 Billion for fiscal year 2019 (as it had also reported for fiscal years 2017 and 2018).

15.     Defendants have recently reported an excellent recovery from the COVID-related economic crisis of 2020. Defendants' CEO, David Deno, told CNBC in April, 2021 that "Things are going really well in our restaurants. In fact, we're not only up versus 2020, but we're up 12.6% versus 2019, which was well ahead of the pandemic."[2]

16.     Defendants owned and operated 180 Bonefish Restaurants as of December 27, 2020. [3]

17.     At all times relevant herein, Defendants have jointly employed Plaintiffs and have been an employer within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

---

[2] *See* "CEO of Bloomin' Brands says sales at its restaurants are up over 2019 levels, finding workers is no problem" (April 29, 2021), *available at* https://www.cnbc.com/2021/04/29/bloomin-brands-ceo-sales-are-up-over-2019-levels-finding-workers-not-a-problem.html (last accessed May 28, 2021).
[3] Bloomin' Brands 2020 10-K filing, dated Feb. 21, 2021, at 8 (*available at* https://investors.bloominbrands.com/static-files/d23c92c3-f0d2-4e94-8bc3-f9d451870739)

18.     At all times relevant herein, Defendants have been an enterprise jointly within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)).

19.     At all times relevant herein, Defendants have been an enterprise jointly engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person.  Further, Defendants have had (and have) a gross volume of sales, made or done business in an amount of at least $500,000.

20.     At all times relevant herein, Plaintiffs and all similarly situated employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21.     Defendants operate in concert and together in a common enterprise and through related activities, so that the actions of one may be imputed to the other, and/or they operate as joint employees within the meaning of the FLSA, and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiffs and similarly-situated employees to be subject to the unlawful wage theft and pay practices described in this Complaint.

22.     Defendants jointly suffered, permitted or directed the work of Plaintiffs and similarly situated employees, and Defendants jointly benefited from work performed by Plaintiffs and similarly situated employees.

23.     While employed as an AM – whether as a KM and as a FOH Manager – Plaintiffs regularly worked in excess of 40 hours per workweek, without receiving overtime compensation as required by federal law.

4

24.     Pursuant to Defendants' policy, pattern, and practice, Defendants did not pay Plaintiffs and other similarly-situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek, constituting wage theft.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Defendants as Assistant Managers, including as KMs and FOH Managers, during the Collective Action Period.

26.     Defendants are liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiffs and other similarly-situated employees.

27.     Upon information and belief, there are potentially hundreds of similarly situated current and former Assistant Managers who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

28.     The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## FACTUAL ALLEGATIONS

29.     Defendants employed Plaintiffs and the Collective Action Members as Assistant Managers (including, as defined, both Kitchen Managers and Front of House Managers).

30.     Defendants maintain control, oversight, and discretion over the operation of their restaurants, including their employment practices with respect to Plaintiffs and the Collective Action Members.

31.     Plaintiffs and the Collective Action Members performed work as Assistant Managers that was integrated into the normal course of Defendants' business.

32.     Consistent with Defendants' policy, pattern and/or practice, Plaintiffs and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA. Plaintiff Moxley regularly worked 55-65 hours per week as an Assistant Manager – both as a Kitchen Manager and as a FOH Manager - but was never paid overtime for hours worked over 40 per week. Plaintiff Spiegel routinely worked 50-60 hours per week, and also was never paid overtime for hours worked over 40 per week.

33.     The number of shifts that Plaintiffs and each individual Collective Member worked per week can be ascertained from Defendants' records.

34.     Defendants assigned and are aware of all of the work that Plaintiffs and the Collective Action Members have performed.

35.     The work performed for Defendants by Plaintiffs and the Collective Action Members required little skill and no capital investment, nor did said work include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

36.     During the Collective Action Period, Plaintiffs and the Collective Action Members performed the same primary job duties, including preparing food and drinks, cleaning, and customer service.

37.     During the Collective Action Period, the primary job duties of Plaintiffs and the Collective Action Members did not include hiring, firing, disciplining, or directing the work of other employees, or exercising meaningful independent judgment or discretion.

38.     The primary job duties of Plaintiffs and the Collective Action Members did not materially differ from the duties of Defendants' non-exempt hourly paid employees, which

6

included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiffs' and the Collective Action Members' working hours.

39.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Plaintiffs and the Collective Action Members as exempt from coverage of the overtime provisions of the FLSA.

40.     Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of Plaintiffs and the Collective Action Members when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

41.     Defendants established labor budgets to cover labor costs for the restaurants in which Plaintiffs and similarly-situated employees worked. Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each restaurant.  Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in restaurant labor budgets resulted in Plaintiffs and the Collective Action Members (who were not paid overtime) working more than 40 hours in a workweek and primarily performing manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt restaurant-level employees.

42.     Defendants acted willfully and knew, by virtue of the fact that their Managing Partners (the highest-ranking and true managers of any Bonefish Grill location, and as Defendants' authorized agents) actually saw Plaintiffs and other similarly situated Assistant Managers perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt

employees to perform such work. Defendants knew that Plaintiffs and other similarly-situated employees were performing the work of non-exempt employees and, based on their actual job duties, Plaintiffs and similarly-situated employees did not fall under any exemptions under the FLSA.

43.     As an experienced and practical business operating hundreds of restaurants throughout the country[4], Defendants knew or recklessly disregarded the fact that by underfunding the labor budgets of their Bonefish Grill locations, Plaintiffs and other similarly situated employees were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any overtime exemption under the FLSA.

44.     Defendants' unlawful conduct, as described above, was willful or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

45.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a policy, pattern and practice of violating the FLSA with respect to Plaintiffs and the Collective Action Members. This policy, pattern and practice includes, but it is not limited to, Defendants' knowledge of its obligations under the FLSA, and the kind of work that Plaintiffs and the Collective Action Members were and have been actually performing. As a result, Defendants have:

        a.   willfully misclassified Plaintiffs and the Collective Action Members as exempt from the overtime requirements of the FLSA;

---

[4] In addition to Bonefish Grill, Defendants also own and operate the nationwide restaurant chains Outback Grill, Carrabba's Italian Grill, and Fleming's Prime Steakhouse and Wine Bar. Combined, the four brands have over 1000 locations in the United States.

    b.   willfully failed to pay Plaintiffs and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week; and

    c.   willfully failed to provide enough money in their restaurant-level labor budgets for Defendants' non-exempt employees to perform their duties and responsibilities, thereby forcing Defendants' exempt-classified Assistant Managers to perform such non-exempt tasks.

46.    Defendants' willful violations of the FLSA are further demonstrated by the fact that throughout the Collective Action Period, and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiffs and the Collective Action Members. Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiffs and the Collective Action Members to record all hours worked.

47.    Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiffs and the Collective Action Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

**FIRST CAUSE OF ACTION:**
**(FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiffs and All Collective Action Members)**

48.    Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference paragraphs 1 through 47 as if they were set forth again herein.

49.    At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50.     At all relevant times, Defendants jointly employed Plaintiffs, and employed or continue to jointly employ, each of the Collective Action Members within the meaning of the FLSA.

51.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

52.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). See attached Exhibit A.

53.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

54.     At all relevant times and continuing to the present, Defendants have had a policy and practice of refusing to pay premium overtime compensation to their Assistant Managers and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

55.     As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.     As a result of Defendants' willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the Collective Action Members, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57.     As a result of Defendants' policy and practice of minimizing labor costs by underfunding labor budgets for their restaurants, Defendants knew or recklessly disregarded the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

58.     Due to Defendants' (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the Collective Action Members, (c) actual knowledge that the primary duties of Plaintiffs and the Collective Action Members were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiffs' and the Collective Action Members' job duties to ensure that they were performing primarily exempt job duties, and (e) policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

59.     As a result of Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to (a) recover from Defendants unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

60.     Defendants' violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Collective Action Members are entitled to and pray for the following relief:

a.   Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c.   An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA;

d.   An award of liquidated and punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

e.   An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f.   An award of prejudgment and post-judgment interest;

g.      An award of costs and expenses of this action together with reasonable

attorneys' and expert fees and an award of a service payment to the

Plaintiffs;

h.      Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact

raised by the Complaint.

Dated: July 20, 2021                       **SHAVITZ LAW GROUP, P.A.**

   __/s/ Gregg I. Shavitz_____
Gregg I. Shavitz
Email:  gshavitz@shavitzlaw.com
Fla. Bar No. 11398
Alan L. Quiles
Email:  aquiles@shavitzlaw.com
Fla. Bar No. 62431
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile:  (561) 447-8831

Seth R. Lesser*
Christopher M. Timmel*
**KLAFTER & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
E-mail: seth@klafterlesser.com
E-mail: christopher.timmel@klafterlesser.com

* *Pro hac vice* application forthcoming

***Attorneys for Plaintiffs and the Collective***

# Exhibit A

## <u>CONSENT TO JOIN LAWSUIT</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf, to contest the alleged failure of OS Restaurant Services, LLC and Bloomin' Brands, Inc. (together doing business as "Bonefish Grill") and/or their parent, subsidiary, predecessor, successor, affiliated, and related companies ("Bonefish Grill") to pay me proper wages, including overtime wages, under federal law.  I appoint Klafter Lesser LLP to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit, including any settlement of any and all compensation claims(s) I have against Bonefish Grill.

Signature  Troy S. Moxley (Jul 8, 2021 15:28 EDT)                        Date  Jul 8, 2021

Printed Name   Troy Moxley

## <u>CONSENT TO JOIN LAWSUIT</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf, to contest the alleged failure of OS Restaurant Services, LLC and Bloomin' Brands, Inc. (together doing business as "Bonefish Grill") and/or their parent, subsidiary, predecessor, successor, affiliated, and related companies ("Bonefish Grill") to pay me proper wages, including overtime wages, under federal law.  I appoint Klafter Lesser LLP to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit, including any settlement of any and all compensation claims(s) I have against Bonefish Grill.

<u>Signature</u> Thomas.spiegel (Jul 7, 2021 18:26 EDT)          <u>Date</u> Jul 7, 2021

<u>Printed Name</u>   Thomas Spiegel