UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------------X
TROY MOXLEY and THOMAS SPIEGEL,  :
Individually and on Behalf of All  :
Other Persons Similarly Situated,  :
                                                                      :
                                                                      :   Civil Action No.
                                   Plaintiffs,          :   8:21-cv-01760
                                                                      :
       -against-                                              :
                                                                      :
OS RESTAURANT SERVICES, LLC and  :
BLOOMIN' BRANDS, INC., together        :
doing business as BONEFISH GRILL      :
                                                                      :
                                   Defendants.       :
---------------------------------------------------------------X

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONDITIONALLY
CERTIFY AN FLSA COLLECTIVE ACTION AND AUTHORIZE NOTICE**

Defendants' opposition to Plaintiffs' motion for FLSA notice and conditional certification ("Motion"), substantially – and impermissibly – relies on the declarations of 17 current employees. ECF No. 27 at 8-14. Use of such "happy camper" declarations are impermissible for multiple good reasons: (1) they exceed the scope of the Court's inquiry for conditional certification; (2) they implicate the merits – that is, whether in fact Plaintiffs and other Assistant Managers are exempt –an irrelevant inquiry at the notice stage; and (3) the 17 current employees declarations include inherently coerced statements and are therefore unreliable.

Thus, "happy camper" declarations are consistently rejected in this Court. *E.g.*, *Metzler v. Case No Med. Mgmt. Int'l, Inc.*, 2020 U.S. Dist. LEXIS 62176, at *15-16 (M.D. Mar. 4, 2020); *Palma v. MetroPCS Wireless, Inc.*, 2013 U.S. Dist. LEXIS 175934, at *14-15 (M.D. Fla. 2013 Dec. 16, 2013); *Reese v. Fla. BC Holdings, LLC*, 2018 U.S. Dist. LEXIS 73343, at *10 (M.D. Fla. Mar. 16, 2018); *Allen v. Hartford Fire Ins. Co.*, 2017 U.S. Dist. LEXIS 136504, at *20 (M.D. Fla. Aug. 25, 2017); *Simpkins v. Pulte Home Corp.*, 2008 U.S. Dist. LEXIS 64270, at *16-18 (M.D. Fla. Aug. 21, 2008). This Court should likewise reject the declarations, and grant Plaintiffs' Motion.

**I.   Defendants' Declarations Exceed the Scope of the Court's Inquiry by Improperly Focusing on Individualized Inquiries.**

A "mass of evidence" such as that offered by Defendants is antithetical to the Eleventh Circuit's two-step process for notice of FLSA collectives:

> more is not necessarily better, and the evidence [defendant] presents goes far beyond the scope of this Court's review at the first stage of the certification process. . . . the Eleventh Circuit suggests that district courts utilize a two-tiered approach for the certification of FLSA class actions. . . . The first step is the

2

> notice stage, where the district court makes the "decision - usually based only on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential [plaintiffs]." At this stage, the plaintiff need only demonstrate a "reasonable basis" to believe that similarly situated individuals exist in the proposed class. . . .

*Simpkins*, 2008 U.S. Dist. LEXIS 64270, at *16-17 (internal citations omitted). Consideration of "masses of sworn testimony" asserting " a need for individual factual analyses" – as Defendants assert (ECF No. 27 at 14) turns the Eleventh Circuit's two-step inquiry for certification on its head. *Id*. (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)); *accord Metzler*, 2020 U.S. Dist. LEXIS 62176, at *15-16 (M.D. Mar. 4, 2020) ("[T]his Court is not swayed by [defendant's] submission of thirty-five 'happy camper' affidavits . . . . [T]he Court's function at this stage of conditional certification is not to perform a detailed review of individual facts from employees handpicked by [defendant]. Those questions of breadth and manageability of the class are left until the second stage analysis following the receipt of forms from all opt-in plaintiffs.") (citations omitted); *Allen*, 2017 U.S. Dist. LEXIS 136504, at *20 (individualized determinations are not considered at this stage). Accordingly, these declarations should be disregarded.

## II. Defendants' Declarations Directly Relate to the Merits – Whether They Improperly Classified Assistant Managers – Which Is Improper at this Stage.

The merits of Plaintiffs' claims and Defendants' defenses are "**irrelevant**" at the conditional certification stage. *Bartholomew v. Lowe's Home Ctrs., LLC*, 2021 U.S. Dist. LEXIS 152623, at *7 (M.D. Fla. Aug. 13, 2021) (citations omitted) (emphasis added). In a misclassification case, this means that the Court should grant conditional

3

certification even in the face of an asserted exemption. *Allen*, 2017 U.S. Dist. LEXIS 136504, at *19-20 ("the Court does not weigh the relative merits of the parties' claims at this conditional certification stage. . . . Indeed, in the absence of a fully developed factual record, Plaintiffs' burden is 'focused on advancing their own original allegations of a sufficiently similar class, not on refuting [Defendants'] arguments and defenses.'" (citations omitted); *see also Pendlebury v. Starbucks Coffee Co.*, 2005 U.S. Dist. LEXIS 574, at *10 (S.D. Fla. 2005) (refusing to consider defendant's counter-declaration because it raised factual issues going to the merits). Since the employer has the burden of proof when it comes to exemptions, at this early stage, a defendant's assertion of an exemption cannot preclude conditional certification. *Martins v. Flowers Foods, Inc.*, 2018 U.S. Dist. LEXIS 234084, at *14-15 (M.D. Fla. Mar. 28, 2018) ("courts have regularly rejected the argument that the potential applicability of these exemptions bars conditional certification. . . . Defendants' asserted defenses regarding the . . . exemption[s] . . . are insufficient to defeat conditional certification.") (collecting cases). Indeed,

> Similar to strategies commonly and expectedly used by employers named as defendants in collective action overtime wage lawsuits, Defendant's attempt, in effect, to seek a factual determination on the similarly situated question by presenting a vast amount of affidavit evidence "demonstrate[s] a fundamental misunderstanding of the nature of the proceedings at this stage of litigation."

*Reyes*, 801 F. Supp.2d at 1357-58. At the first stage, "plaintiffs need not prove the merits of their claim. That is, plaintiffs do not have to show that the employer actually violated the FLSA." *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1241 (S.D. Ala. 2008) (citations omitted). Yet, by introducing declarations challenging Plaintiffs'

4

assertions that they were misclassified, that is precisely what Defendants are requesting of this Court. *Reyes,* 801 F. Supp. 2d. at 1358 (rejecting defendant's competing affidavits because, "At this stage of the proceedings, a defendant's burden is, for all practical purposes, to attempt to demonstrate that a plaintiff has presented insufficient, not factually wrong, evidence.").

Defendants further miss the point. The notice stage is not about adjudicating the claims in the case; it is about letting other employees who feel that they may be similar to the present Plaintiffs learn of, and possibly join in, the action. *See* Motion at __. Thus, happy camper declarations need not be considered because such declarants, like any employees, "who are satisfied with Defendant's exemption policies for its ASMs may simply elect not to join in this lawsuit." *Kelgren v. Petco Animal Supplies, Inc.*, 13-cv- 644 (KSC), 2015 U.S. Dist. LEXIS 118615, *16 (S.D. Cal. Sept. 3, 2015).

### III. Defendants Improperly Procured the Declarations from Current Employees, Which Is Coercive.

District courts can exercise their discretion to correct the effects of misleading, coercive, or improper communications with potential FLSA collective members. *See Billingsley v. Citi Trends, Inc.*, 560 Fed. Appx. 914, 922 (11th Cir. 2014). "[U]nsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable." *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1201 (11th Cir. 1985).

Defendants' declarations here "are of limited evidentiary value" because "of the potential for coercion." *Cobb v. Suntrust Bank*, 2019 U.S. Dist. LEXIS 230148, at *11 (S.D. Ala. July 30, 2019) (citing *Amador v. Morgan Stanley & Co. LLC*, 2013 U.S. Dist. LEXIS 19103, at *9 (S.D.N.Y. Feb. 7, 2013)) (additional citations omitted). The potential for coercion is heightened where, as here, "the absent class member and the defendant are involved in an ongoing business relationship, such as employer-employee." *Id*. Additionally, Plaintiffs have not had the opportunity to depose these declarants or otherwise test their credibility, undermining any probative value the declarations possibly might have. *Id*. Finally, the declarations contain no procedural safeguards demonstrating that the current employees were advised of their rights and that no retaliation would occur if they chose not to provide a declaration. *Longcrier*, 595 F.Supp.2d at 1231.[1]

For these reasons, the Court should reject Defendants' declarations and grant Plaintiffs' Motion.

---

[1] "[A]ny contact Defendant or its attorneys may have with unrepresented potential class members, . . . . for the purposes of investigating Plaintiffs' claims, preparing a defense, gathering evidence or executing declarations must be preceded by full written disclosure to the witness. Should Defendant or its attorneys wish to contact unrepresented potential class members for these investigative, fact-gathering, and/or evidence-generating purposes, they must first provide each witness contacted with a written disclosure form. . . . [T]his form must, at a minimum, disclose the existence and nature of this litigation, the witness's potential right to inclusion therein as an opt-in plaintiff, and the possibility that cooperation with Defendant's investigation may adversely affect the witness's right to participate and recover compensation in this litigation. . . . The disclosure form must be presented to, signed and dated by each prospective class member as a precondition to any investigation, fact-gathering or evidence-creating activities by Defendant or its counsel directed at that individual; moreover, the individual must also be given a copy of the form to take with him or her at the conclusion of any such contact with Defendant or its counsel. Simply put, if Defendant or its lawyers wish to interview a prospective class member about this case, they cannot do so unless and until they have obtained a signed, dated disclosure statement from that individual in a form jointly agreed upon by the parties and consistent with the foregoing."

Dated: December 16, 2021

| | |
|---|---|
| /s/ Gregg I. Shavitz<br>Gregg I. Shavitz, Fla. Bar No. 11398<br>Email: gshavitz@shavitzlaw.com<br>Alan L. Quiles, Fla. Bar No. 62431<br>Email: aquiles@shavitzlaw.com<br>**SHAVITZ LAW GROUP, P.A**.<br>951 Yamato Road, Suite 285<br>Boca Raton, Florida 33431<br>Telephone: (561) 447-8888<br>Facsimile: (561) 447-8831 | Seth R. Lesser*<br>Christopher M. Timmel*<br>**KLAFTER & LESSER LLP**<br>Two International Drive, Suite 350<br>Rye Brook, NY 10573<br>Telephone: (914) 934-9200<br>Email: seth@klafterlesser.com<br>Email: christopher.timmel@klafterlesser.com<br><br>* Admitted *pro hac vice* |

*Attorneys for Plaintiffs and the Collective*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 16, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sends notification of such filing to all counsel of record.

/s/ Gregg I. Shavitz
Gregg I. Shavitz