# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TROY MOXLEY and THOMAS SPIEGAL
Individually and on Behalf of All Other
Persons Similarly Situated,

                                                    Case No. 8:21-cv-01760-TPB-JSS

        Plaintiffs,

   vs.

OS RESTAURANT SERVICES, LLC
and BLOOMIN' BRANDS, INC., together
doing business as BONEFISH GRILL,

        Defendants.
_____/

## DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY AN FLSA COLLECTIVE ACTION

In their reply brief, Plaintiffs argue the Court must not consider evidence presented by Defendants. In so doing, they mischaracterize the declarations Defendants provide as arguing the merits of their claims.[1] The evidence was presented to demonstrate Plaintiffs are not similarly situated with others under 29 U.S.C. § 216(b), not to dispose of their claims. Moreover, when considering conditional collective action certification, the Eleventh Circuit, and courts in this District, recognize Defendants may submit their own evidence and they routinely consider evidence presented by both parties.[2] To do otherwise would constitute error

---

[1] Curiously, Plaintiffs submit their own evidence, which they do not characterize as arguing the merits of their claims.

[2] *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (noting plaintiffs may meet their burden for conditional collective action certification when they provide detailed allegations "which successfully engage defendants' affidavits to the contrary"); *Hipp v. Liberty Nat. life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001); (same); Diggs v. Ovation Credit Services, Inc., No. 3:18-cv-367-J-34MCR, 2019 WL 4673813, *2, 5 (M.D. Fla. Sept. 25, 2019) (considering defendant's declarations and citing Grayson standard)) *Layton v. Percepta, LLC,* No. 6:17-cv-1488-Orl-41DCI, 2018 WL 5492850, *3 (M.D. Fla. Sept. 21, 2018) (considering parties' declarations and concluding plaintiffs' evidence did not "successfully engage Defendant's Declarations to the contrary."); *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27TBM, 2012 WL 6196035, *1 (M.D. Fla. Dec. 2, 2012)(citing defendant's evidence and denying conditional collective action certification); *Denson v. Architectural Coatings, Inc.*, No. 8:10-cv-1212-T-30TGW, 2011 WL 46122 (January 6, 2011)(same); *Lee v. Sky Plumbing*, No. 609-cv-2109-Orl-31DAB, 2010 WL 745770 (M.D. Fla. March 1, 2010); *Dunwiddie v. Central Locating Service, Ltd. Corp.*, No. 5:04-cv-315-Oc-10GRJ, 2005 WL 8159851, *5 (January 25, 2005) (comparing defendant's declarations with plaintiffs' evidence). *Grayson* and *Hipp* addressed collective actions under the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, "that statute incorporates the FLSA's collective action mechanism," and thus the analysis in *Grayson* and *Hipp* "'applies in both contexts.'" *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 n.37 (quotation omitted).

and render conditional collective action certification a mere pleading standard and defendants' opposition a legal nullity.

Plaintiffs also contend the Court should not consider Defendants' declarations provided in their opposition to conditional collective action certification because they are "inherently coercive."[3] However, the declarants consented to requested interviews and voluntarily provided testimony without coercion. **Exhibits A-Q**, Consents to Interview. Among other things, the declarants were provided with multiple "procedural safeguards" and were advised (1) they had no obligation to cooperate, (2) they would not suffer retaliation for declining to cooperate, nor would they receive any benefit for doing so, and (3) Defendants may use information they provided to defend this action. Moreover, Plaintiffs' complaint they did not have an opportunity to depose rings hollow because they moved for conditional collective action certification before the parties met and conferred under Fed.R.Civ.P. 26(f), thus precluding depositions. Likewise, Plaintiffs have not, since Defendants filed their opposition to the motion for conditional collective action certification, requested depositions of the declarants cited by Defendants in their opposition brief.

---

[3] Citing *Billingsley v. Citi Trends, Inc.*, 560 Fed. Appx. 914, 922 (11th Cir. 2014), Plaintiffs also claim the Court may "correct the effects of misleading, coercive, or improper communications with potential FLSA collective members." In that case, the defendant-employer had asked putative plaintiffs to sign arbitration agreements while a motion for conditional collective action certification was pending. That is not the dynamic presented here.

DATED:  January 5, 2022.

        Respectfully submitted,

        */s/ Gretchen M. Lehman*
        Gretchen M. Lehman
        Florida Bar No. 0046365
        gretchen.lehman@ogletree.com
        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.
        100 North Tampa Street, Suite 3600
        Tampa, Florida  33602
        Telephone: 813.289.1247
        Facsimile:  813.289.6530

        -and-

        Patrick F. Hulla *(admitted pro hac vice)*
        MO Bar No. 41745
        patrick.hulla@ogletree.com
        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.
        4520 Main Street, Suite 400
        Kansas City, MO 64111
        Telephone: 816.471.1301
        Facsimile: 816.471.1303

        *ATTORNEYS FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 5th day of January, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Gregg I. Shavitz, Esq.
Fla. Bar No. 11398
gshavitz@shavitzlaw.com
Alan L. Quiles, Esq.
Fla. Bar No. 62431
aquiles@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, Florida 33431

Seth R. Lesser, Esq. (admitted *pro hac vice*)
seth@klafterlesser.com
Christopher M. Timmel, Esq. (admitted *pro hac vice*)
christopher.timmel@klafterlesser.com
**KLAFTER & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, New York 10573

*Attorneys for Plaintiffs*

                                    */s/ Gretchen M. Lehman*
                                    Attorney

49813029.1