UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY MOXLEY and THOMAS SPIEGAL
Individually and on Behalf of All Other
Persons Similarly Situated,

    Plaintiffs,

v.                                                 Case No.: 8:21-cv-1760-JLB-JSS

OS RESTAURANT SERVICES, LLC
and BLOOMIN' BRANDS, INC., together
doing business as BONEFISH GRILL,

    Defendants.
_____/

## ORDER

Plaintiffs Troy Moxley and Thomas Spiegal move to conditionally certify this unpaid overtime compensation case brought under the Fair Labor Standards Act (FLSA) as a collective action. (Doc. 22.) They further request that the Court facilitate notice on the putative collective action members under 29 U.S.C. § 216(b). (Id.) Defendants oppose the motion for conditional certification and, if the Court grants the motion, request leave to meet and confer with Plaintiffs as to the content and dissemination of notice. (Doc. 27.) Upon careful review, Plaintiffs' motion (Doc. 22) is **GRANTED in part**.

## BACKGROUND

This is an unpaid overtime compensation action. In short, Defendants own and operate Bonefish Grill restaurants throughout the United States. (Doc. 1 at 1, 3, ¶¶ 1, 16.) Defendants employed Plaintiffs, who both worked as assistant

managers at Bonefish Grill restaurants. (Id. at 2–3, ¶¶ 8, 10.) Specifically, Mr. Moxley worked as a kitchen/culinary manager and front of house manager, and Mr. Spiegel worked as a kitchen/culinary manager. (Id.; Doc. 27 at 1 n.1.)[1] As to their job duties, Plaintiffs allege that the work they performed "required little skill and no capital investment, nor did said work include managerial responsibilities or the exercise of meaningful independent judgment and discretion," that the work included "preparing food and drinks, cleaning, and customer service," and did not include "hiring, firing, disciplining, or directing the work of other employees, or exercising meaningful independent judgment or discretion." (Doc. 1 at 6, ¶¶ 35–37.)

Pursuant to a company-wide policy, Defendants classified Plaintiffs and other assistant managers as exempt from coverage of the overtime provisions of the FLSA. (Id. at 7, ¶ 39; Doc. 17 at 13, ¶ 39.) Notwithstanding, Plaintiffs allege that their primary job duties did not "materially differ from the duties of Defendants' non-exempt hourly paid employees." (Doc. 1 at 6, ¶ 38.) Plaintiffs further allege that, when employed as assistant managers, they "regularly worked in excess of 40 hours per workweek, without receiving overtime compensation as required by federal law." (Id. at 4, ¶ 23.) Plaintiffs filed a one-count complaint, seeking unpaid overtime wages under the FLSA on behalf of themselves and other individuals

---

[1] Defendants note in their opposition that although the term "assistant manager" is "not used by Defendants, for the Court's convenience, they use that term here." (Doc. 27 at 1 n.1.) Accordingly, the term will be used to refer to both kitchen/culinary managers and front of house managers.

2

similarly situated.  (Id. at 9–13, ¶¶ 48–60.)  To date, eleven plaintiffs have opted into the action.  (Docs. 2, 9, 12, 16.)

Plaintiffs now move to conditionally certify a collective action as to their FLSA claim on behalf of "all similarly situated exempt-classified Assistant Managers . . . who worked for Defendants OS Restaurant Services, LLC and Bloomin' Brands, Inc., doing business as Bonefish Grill . . . , at any location in the United States during any part of the period between July 20, 2018, through to the date of the Court's Order on this Motion."  (Doc. 22 at 1.)  They also seek approval of a proposed notice and distribution of notice.  (Id. at 19–24.)  Defendants oppose the motion for conditional certification and alternatively request that, "[i]f the Court decides Plaintiffs' claims should be conditionally certified and notice sent, . . . the parties be ordered to meet and confer about the information needed to send notice, as well as its content and method of distribution, with any unresolved differences to be presented to the Court for decision."  (Doc. 27 at 19 n.61.)  Plaintiffs filed a reply (Doc. 31), and Defendants filed, with leave of the Court, a sur-reply (Doc. 36).

## DISCUSSION

Conditional certification is warranted as to Plaintiffs' FLSA claim set forth in Count I of the complaint.  The parties are directed to meet and confer about the information needed to send notice, as well as its content and method of distribution.

## I. Conditional certification and notice are warranted as to the FLSA claim.

Plaintiffs seek facilitation of notice and conditional certification as to their FLSA claim under 29 U.S.C. § 216(b), which establishes an opt-in mechanism for collective actions.  See Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1215–16 (11th Cir. 2001).[2]  Facilitating notice is appropriate where there are other individuals who desire to opt-in and are "similarly situated" to the plaintiffs.  Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567–68 (11th Cir. 1991).  The Eleventh Circuit has outlined a "two-tiered procedure" to certify collective actions under section 216(b).  Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

At the initial "notice stage," the district court decides, usually based on pleadings and affidavits, whether notice of the action should be provided to potential class members.  Id. (citation omitted).  This determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a

---

[2] Section 216(b) provides as follows:

> An action to recover . . . liability . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

representative class." Id. (citation omitted).  Upon conditional certification, putative class members are provided notice and the opportunity to opt-in.  Id.

The second stage of the conditional certification process typically follows a defendant's motion for decertification filed after discovery is "largely complete" and the court has more information to determine whether the claimants are "similarly situated." Id. (citation omitted).  If the claimants are not similarly situated, the court decertifies the class and dismisses the opt-in plaintiffs without prejudice.  Id.

At this initial stage, Plaintiffs have satisfied the "fairly lenient" standard by showing that notice of the action should be provided to potential collective action members.

1. **Sufficient Showing of Similarly Situated Individuals**

Plaintiffs have made a sufficient showing of other similarly situated individuals as to the FLSA claim set forth in Count One.  To satisfy the initial burden regarding notice under section 216(b), "plaintiff[s] need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp, 252 F.3d at 1217 (quotation omitted).  Courts have found that, at least at this stage in the litigation, some variations in duties will not preclude a finding that employees are similarly situated.  See, e.g., Thomas v. Waste Pro USA, Inc., 360 F. Supp. 3d 1313, 1326 (M.D. Fla. 2019) ("[F]actual issues showing variations are not dispositive at the stage for conditional certification."); Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007)

5

("Variations in specific job duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at the notice stage." (quotation and brackets omitted)).

Mr. Moxley worked for Defendants as a Bonefish Grill assistant manager in South Carolina and Georgia from approximately August 2017 to August 2019, and Mr. Spiegel worked as a Bonefish Grill assistant manager in Pennsylvania from approximately April 2017 to September 2019. (Doc. 1 at 2–3, ¶¶ 8, 10.) The eleven opt-in plaintiffs have worked as assistant managers at various other Bonefish Grill locations throughout the United States. (See Doc. 22 at 2 n.4; Doc. 22-3–22-13.)

Notably, Plaintiffs have provided declarations from the named and opt-in plaintiffs which suggest that assistant managers at different Bonefish Grill restaurants perform the same types of duties, including manual labor and tasks related to customer service. (See Doc. 22 at 6 n.9.) The named and opt-in plaintiffs further declared that they worked overtime hours that were not compensated. (Id. at 7 n.12.) Courts have found similar showings based on sworn statements that employees spend their time on non-exempt work sufficient in misclassification cases. See, e.g., Espanol v. Avis Budget Car Rental, LLC, No. 8:10-cv-944-T-30AEP, 2011 U.S. Dist. LEXIS 120485, at *6 (M.D. Fla. Oct. 18, 2011).

Defendants contend that, even at the initial stage of certification, "[t]he need for individualized liability inquiries defeats certification." (Doc. 27 at 14.) In support, they submit several declarations from assistant managers to show that job

6

duties of assistant managers vary and, for some assistant managers, include managerial duties such as supervising other employees, hiring, and firing. (Id. at 8–14; Doc. 27-1–27-17.) Despite some variances in the job duties outlined in the declarations, however, courts have found that "masses of sworn testimony" purportedly demonstrating "a need for individual factual analyses" should not necessarily "collapse" the first and second stages of certification. See Simpkins v. Pulte Home Corp., No. 6:08-cv-130-Orl-19DAB, 2008 U.S. Dist. LEXIS 64270, at *16–17 (M.D. Fla. Aug. 21, 2008); see also Metzler v. Case No Med. Mgmt. Int'l, Inc., No. 8:19-cv-2289-T-33CPT, 2020 U.S. Dist. LEXIS 62176, at *16 (M.D. Fla. Mar. 4, 2020) ("This Court is not swayed by defendant's submission of thirty-five 'happy camper' affidavits . . . . The Court's function at this stage of conditional certification is not to perform a detailed review of individual facts from employees handpicked by defendant. Those questions of breadth and manageability of the class are left until the second stage analysis following the receipt of forms from all opt-in plaintiffs." (quotation and brackets omitted)).

In short, even if they are considered, the declarations submitted by Defendants do not overcome Plaintiffs' initial showing of similarly situated individuals as to their FLSA claim.[3] Additionally, contrary to Defendants' related

---

[3] As Plaintiffs correctly observe, to the extent Defendants seek to litigate the merits of the FLSA claim, courts have found that the merits of a claim are generally irrelevant at the initial notice stage. See Pares v. Kendall Lakes Auto., LLC, No. 13-20317-CIV, 2013 WL 3279803, at *4 (S.D. Fla. June 27, 2013) (collecting cases).

7

contention that liability cannot be determined here with "common evidence," Plaintiffs have identified matters which can be determined as to all members of the putative collective action. (Doc. 27 at 3, 14.) For example, Defendants acknowledge that they have "classified Culinary Managers and Front of House Managers as exempt from federal overtime requirements." (Doc. 17 at 13, ¶ 39.) Although this may not be by itself sufficient to warrant a collective action, it is certainly material. See Palacios v. Boehringer Ingelheim Pharms., Inc., No. 10-22398-CIV-UU, 2011 WL 6794438, at *6 (S.D. Fla. Apr. 19, 2011).

  Moreover, Plaintiffs have offered evidence reflecting that Bonefish Grill restaurants use job postings which outline identical duties for kitchen/culinary managers, front of house managers, and "restaurant managers." (Doc. 22-14); see also Devries v. Morgan Stanley & Co., No. 12-81223-CIV-MARRA, 2014 U.S. Dist. LEXIS 15862, at *18 (S.D. Fla. Feb. 7, 2014) (finding that "[u]niformity of job posting supports a similarly situated analysis"). And the named and opt-in plaintiffs have declared that Bonefish Grill restaurants direct how assistant managers must, among other things, perform customer service, prepare food and beverages, and clean the restaurant. (Doc. 22 at 7 n.13); see also Morgan v. Fam. Dollar Stores, Inc., 551 F.3d 1233, 1264 (11th Cir. 2008) ("There is nothing unfair about litigating a single corporate decision in a single collective action, especially where there is robust evidence that store managers perform uniform, cookie-cutter tasks mandated by a one-size-fits-all corporate manual.").

8

In summary, for these reasons, Plaintiffs have satisfied the similarly situated prong for conditional certification. As noted, at the second stage of certification after discovery is "largely complete," the Court will have more information to determine whether the claimants are similarly situated. See Cameron-Grant, 347 F.3d at 1243 n.2 (citation omitted). If the claimants are not similarly situated, the collective action will be decertified, and the opt-in plaintiffs will be dismissed without prejudice. Id.

**2.    Similarly Situated Individuals May Desire to Opt-in**

Plaintiffs have also shown that there may be similarly situated individuals who desire to opt-in to the collective action. See Morgan, 551 F.3d at 1260; Dybach, 942 F.2d at 1567. Indeed, courts have conditionally certified collective actions with as few as one or two individuals expressing a desire to opt-in. See, e.g., Pares, 2013 WL 3279803, at *5 (collecting cases).

Here, Defendants do not appear to challenge conditional certification on the basis that Plaintiffs have not shown that there are other individuals who desire to opt-in to this lawsuit. In all events, Plaintiffs' showing of eleven opt-in plaintiffs is sufficient to satisfy this prong. (Docs. 2, 9, 12, 16.) Accordingly, conditional certification and facilitation of notice are warranted as to Plaintiffs' FLSA claim.

**II.   The Content, Method of Dissemination, and Temporal Scope of Notice**

Plaintiffs also seek approval of a proposed notice and for dissemination of notice. (Doc. 22 at 19–24; Doc. 22-15; Doc. 22-16.) Defendants request that "the

9

parties be ordered to meet and confer about the information needed to send notice, as well as its content and method of distribution, with any unresolved differences to be presented to the Court for decision." (Doc. 27 at 19 n.61.) This request is granted. The parties are directed to meet and confer about the information needed to send notice, as well as its content and method of distribution. Plaintiffs are directed to file a proposed notice and consent form, along with a memorandum indicating the method of distribution, on or before June 1, 2022. Any briefing shall not exceed ten pages, excluding the certificate of service and signature page.

As to the temporal scope of the notice, Plaintiffs allege that Defendants willfully violated the FLSA. (Doc. 1 at 7–10, ¶¶ 42–47, 56, 59–60.) Plaintiffs thus reason that because the statute of limitations for a willful violation of the FLSA is three years, the notice period in this action should begin three years prior to the date the complaint was filed, July 20, 2021, through the present. (Doc. 22 at 19–20.) Defendants do not expressly challenge this proposed temporal scope of notice.

While the Court agrees that the allegations in the complaint are sufficient to warrant a three-year notice period, other courts in this circuit have determined that, contrary to Plaintiffs' assertions, the notice should reflect a three-year period from the date that the notice is <u>sent</u>, not from the date the complaint is filed. <u>See, e.g.</u>, <u>Abdul-Rasheed v. Kablelink Communs., LLC</u>, No. 8:13-cv-879-T-24MAP, 2013 U.S. Dist. LEXIS 159632, at *9 (M.D. Fla. Nov. 7, 2013); <u>Gutescu v. Carey Int'l, Inc.</u>, No. 01-4026-CIV, 2003 U.S. Dist. LEXIS 27507, at *50 (S.D. Fla. June 16, 2003); <u>cf.</u>

Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) (finding that, as to the Age Discrimination in Employment Act, "only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action"). Should Plaintiffs continue to seek a three-year notice period from the date they filed their complaint, they are directed to address these issues in their supplemental briefing.[4]

## CONCLUSION

Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action and Authorize Notice (Doc. 22) is **GRANTED in part**. As to the FLSA claim set forth in Count I of the complaint, this action is conditionally certified to proceed as a collective action under 29 U.S.C. § 216(b). The parties are **DIRECTED** to meet and confer about the information needed to send notice, as well as its content and method of distribution. Plaintiffs are **DIRECTED** to file a proposed notice and consent form, along with a memorandum indicating the method of dissemination, on or before June 1, 2022.

**In accordance with Local Rule 3.01(g), Plaintiffs shall include certification of good faith conferral with opposing counsel and note whether Defendants have any objections to the proposed notice, consent form, and method of dissemination**. The Court notes that the certification of good faith conferral with opposing counsel is not a perfunctory exercise in the Middle

---

[4] By permitting a three-year notice period, the Court makes no determination as to whether any FLSA violation was willful or whether a three-year limitations period applies.

District of Florida. It is intended, among other reasons, to provide an opportunity for the counsel to work together to find common ground and limit the Court's need to address matters that could have been resolved had the parties conferred and worked together. The Court asks counsel to be mindful of this and diligently work to resolve as many matters as possible throughout the entirety of this case.

**ORDERED** in Tampa, Florida this 11th day of May, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE