UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

-----------------------------------------------------------------X
TROY MOXLEY and THOMAS SPIEGEL,  :
Individually and on Behalf of All              :
Other Persons Similarly Situated,             :
                                                                  :      Civil Action No.
                     Plaintiffs,              :      8:21-cv-01760
                                                                  :
        -against-                              :
                                                                  :
OS RESTAURANT SERVICES, LLC and      :
BLOOMIN' BRANDS, INC., together          :
doing business as BONEFISH GRILL         :
                                                                  :
                     Defendants.           :
-----------------------------------------------------------------X

**PLAINTIFFS' PROPOSED NOTICE AND CONSENT FORM AND MEMORANDUM OF LAW IN SUPPORT**

On May 11, 2022, the Court granted Plaintiffs' motion to send notice to a conditionally certified FLSA Collective pursuant to 29 U.S.C. 216(b) (Dkt. No. 41) (the "Order"). As directed in the Order (at 11), Plaintiffs hereby submit a proposed form of notice ("Proposed Notice") and a proposed opt-in consent form, attached hereto as Exhibits A and B, respectively. Plaintiffs respectfully submit that the Court should approve each. The parties agree as to the proposed opt-in consent form, and the parties largely agree as to the Notice, excepting the disputed aspects addressed in Section IV (pages 5 through 10), below.

**I.     PLAINTIFFS' NOTICE SATISFIES THE REQUIREMENTS FOR A COURT-AUTHORIZED FLSA NOTICE**

"[T]o ensure the potential plaintiffs have a fair opportunity to opt-in to a FLSA collective action, the district court has the discretion to facilitate notice to potential plaintiffs and broad authority to exercise control over the collective action and to govern the conduct of counsel and parties in the collective action." *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 921 (11th Cir.

2014) (internal quotations omitted). "In particular, the benefits of the FLSA's collection action mechanism depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*

When considering whether a proposed notice fairly and accurately apprises potential collective members of the collective action, courts in this District consider several factors, including whether the notice: (i) describes this action; (ii) identifies why collective members are receiving the notice; (iii) explains that collective members have the right to join or not join this action; (iv) describes how to join the action; and (v) explains the consequences of joining (or not joining) the action. *Madison v. United Site Servs. of Fla.,* 2017 U.S. Dist. LEXIS 159991, *7 (M.D. Fla. Aug. 17, 2017). The Proposed Notice attached at Exhibit A satisfies each of these elements.

First, the Proposed Notice describes the nature of the action. *See* Ex. A at p.1 (explaining that the lawsuit is an FLSA collective action on behalf of "Culinary Managers" and "Front of House Managers" employed by Defendants and whom Plaintiff claims are owed overtime s). Second, the Proposed Notice identifies why collective members are receiving this lawsuit. *See id.* at Sec. 1. Third, the Proposed Notice explains that collective members have the right to join or not join this action, and the consequences of that decision. *See id.* at Sec. II ("How to Join The Lawsuit"), Sec. III ("What Happens if I Join"), and Sec. IV ("And If I Do Not Join?").

Thus, the Proposed Notice contains the necessary information to fully apprise potential collective members of the lawsuit, how to join, and the rights, responsibilities and consequences that flow from joining (or not joining) this lawsuit. As such, subject to the disputed issues

delineated below, the Parties respectfully request that the Court approve their Proposed Notice.[1]

## II.  UNDISPUTED ISSUES RELATED TO NOTICE

### a.  *The Temporal Range of the Notice*

The Parties have stipulated to a period for notice extending back three years from May 11, 2022, the date of the Order certifying a collective in this action (*i.e.,* a period starting on May 11, 2019). The Parties believe this represents a reasonable compromise among the potential dates that could arguably be used for determining the collective cut-off date. Practically speaking, this stipulation also has the virtue of locking in a set date not subject to further adjustment, allowing Defendants to identify a complete and unambiguous list of those individuals entitled to receive notice. In reaching this compromise, neither party waives its right to subsequently seek relief (such as tolling or dismissal) based on the applicable limitations period.

### b.  *Method of Distribution and Production Necessary to Facilitate Notice*

The Parties have agreed to send notice via U.S. mail and via e-mail. As such, Defendants agree to produce information about potential members of the collective to facilitate such notice, including the full name, addresses, email addresses (including personal email addresses to the extent available), and dates of employment for each member of the FLSA Collective. With regard to the U.S. Mail distribution, Defendants have consented to the words "Legal Document Enclosed" being visible from the exterior of the envelope, to help ensure that the notice is read and not regarded as "junk mail."

Use of U.S. Mail and email in concert is a common method of transmitting FLSA notice and is in accord with Courts in this District and throughout the Eleventh Circuit. *See, e.g., Pieczynski v. LCA Vision, Inc.*, 2022 U.S. Dist. LEXIS 18742, at *10 (M.D. Fla. Jan. 14, 2022)

---

[1] The Parties have no disagreements regarding the proposed Consent Form, attached at Exhibit B, and it is therefore jointly submitted for approval by the Court.

("the undersigned recommends that Plaintiff be permitted to utilize email as a method of distribution. '[C]ourts in this district and others have found email to be an appropriate and efficient addition to first class mail in the delivery of notice to a class.'…'A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class'")(citations omitted); *Thomas v. Waste Pro USA, Inc.*, 360 F. Supp. 3d 1313, 1328 (M.D. Fla. 2019) (ordering the full name, address(es), telephone numbers, email address(es), and dates and locations of employment for each of the collective members be produced in an electronic or computer-readable format); *Torres v. Nature Coast Home Care LLC*, 2016 U.S. Dist. LEXIS 139745, *9-10 (M.D. Fla. Oct. 7, 2016) (ordering production of "the full name, last known mailing address, any last known email address, and dates of employment").

    c. *Use of a Website to Facilitate Notice*

As described in Plaintiffs' motion for notice and conditional certification (Dkt. No. 22 at 33-34), and as reflected in the Proposed Notice, Plaintiffs seek permission to maintain an internet website for the purpose of informing similarly-situated persons of their right to join this lawsuit and for FLSA collective members to submit their consent to join forms online. Defendants do not oppose this request, provided that the URL address for the website does not include "Bonefish" or any other identifiable reference to Defendants. Plaintiffs have agreed to that limitation.

**III.   DISPUTED ISSUES RELATED TO NOTICE**

    a. *Warnings Regarding Litigations Costs*

Section III of the proposed notice ("What Happens if I Join") notifies recipients that Plaintiffs' counsel will be paid on a contingency fee basis, and includes this language regarding fees:

> The attorneys representing the Plaintiffs are being paid on a contingency fee basis. If there is no recovery, you will not have to pay any attorneys' fees and you will not owe the attorneys anything.

Defendants wish to add the following clause to the end of the above language, immediately after the word "anything:"

> although you may be responsible for your pro rata share of any other costs that may be incurred on your behalf.

Plaintiffs oppose the inclusion of Defendants' proposed language.

As an initial matter, Defendants' proposed language is ambiguous: it is unclear what costs the notice recipient might allegedly be responsible for, why the costs were incurred, by whom, or the potential dollar amounts at issue. Defendants' proposed additional language is not, as required, informative, which is the touchstone for including language in notices such as these. *See Hoffmann-LaRoche v. Sperling*, 493 U.S. 165, 172 (1989). On the contrary. Defendants' proposed language is confusing, and is more likely to create apprehension in the minds of the notice recipients than clarity – the impact of which is an intentionally chilling effect designed to suppress participation.

Furthermore, if the costs that Defendants have in mind are costs incurred by Plaintiffs' counsel, then the proposed language should be excluded because it is patently inaccurate. Should there be no recovery in this action, then, just as with the fees that are already expressly referenced in the proposed notice in the language cited above, Plaintiffs' counsel do not intend to recoup costs from any Plaintiff or member of the collective.

On the other hand, if the costs in Defendants' proposed language are meant to reference costs incurred by Defendants' counsel, then the proposed language should be excluded because its chilling impact on participation in this suit would also outweigh any potentially informative

quality. With respect to Defendant's costs, "a warning [in the notice] would undermine the FLSA's goal of encouraging full enforcement of statutory rights because the warning might dissuade people from joining the lawsuit." *Abdul-Rasheed,* 2013 U.S. Dist. LEXIS 167159, at *15 (M.D. Fla. Nov. 25, 2013); *Belloso v. Asplundh Tree Expert, LLC*, 2018 U.S. Dist. LEXIS 220140, at *10 (M.D. Fla. Aug. 24, 2018) ("the Court agrees that including a warning to potential class members that they may be burdened with attorneys' fees and costs would potentially chill participation in this action."); *Kirk v. Dr. Goodroof, Inc.*, 2015 U.S. Dist. LEXIS 145468, at *7 (M.D. Fla. Oct. 27, 2015); *Calderone v. Scott*, 2015 U.S. Dist. LEXIS 122751, at *4 (M.D. Fla. Sep. 15, 2015); *Ratliff v. Pason Sys. United States Corp.*, 196 F. Supp. 3d 699, 700-01 (S.D. Tex. 2016) ("The Court finds the phrase 'and you may be liable for court costs' to be unnecessary and potentially confusing. [] There is only a remote possibility that such costs will be other than *de minimis*. Because most putative collective members likely lack extensive legal experience in matters of this sort, the language would have an *in terrorem* effect that disproportionately outweighs the likelihood that these costs will occur to any significant magnitude.") (internal citations and quotations omitted).

Thus, Defendant's desired language regarding costs would do nothing more than "impose a chilling effect that would defeat the remedial purpose of the FLSA." *Abdul-Rasheed*, 2013 U.S. Dist. LEXIS 167159, at *14 (changing notice language to state, "If there is no recovery or judgment in Plaintiffs' favor, you will not be responsible for any attorneys' fees.").

    b. <u>Warning Regarding Discovery Obligations</u>

The notice currently includes this language, also in Section III (What Happens If I Join):

> If you join the lawsuit, the lawyers listed below will represent you and work with you to try to obtain overtime wages and other damages you may be owed   You will be

>bound by the Court's judgment, whether it is favorable or unfavorable, on all issues including settlement.

Defendants want to add the following sentence to the end of the above language, immediately after the word "settlement:"

>You may also be required to provide responses to written requests from Defendants, sit for a deposition, or appear at trial.

Plaintiffs oppose Defendants' proposed language because the information is speculative and, again, serves more to chill participation than to be informative. This is particularly so in the context of an FLSA collective where, as this Court has explained, more often than not discovery proceeds on a representative basis and the vast majority of opt-ins have little to no discovery obligations at all. *Belloso*, 2018 U.S. Dist. LEXIS 220140, at *11 ("Courts have held, and this Court agrees, that such notification is especially inappropriate in FLSA cases, where discovery is limited and Plaintiffs are not likely to be called upon to provide deposition testimony.") (citations omitted). In *Belloso*, this Court declined to include such language, acknowledging the negative impacts of such language. *Id*. (Court rejected proposed notice language warning potential opt-ins that they may need to travel to Orlando for trial, finding that because "neither individualized participation in trial nor discovery is required, the Court finds a warning that potential opt-in plaintiff would have to travel to Orlando to participate is unwarranted."). Ultimately, the mere fact that a statement may be true (i.e., the FLSA trial in *Belloso* was to take place in Orlando) does not mean that that statement is appropriately included in a notice, particularly when the statement is more likely to suppress than to encourage opt-in participation. *See also Perrin v. Papa John's Int'l, Inc.*, 2011 U.S. Dist. LEXIS 114155, at *12 (E.D. Mo. Oct. 4, 2011) (such "notification is especially inappropriate in FLSA cases, where discovery is limited and Plaintiffs are not likely to provide deposition testimony.").

Further, as is their duty, Plaintiffs' counsel reminds their clients of their ongoing and fulsome discovery obligations in litigation. These conversations – between attorney and client – are the best and most appropriate way for clients to learn of their responsibilities and to make informed litigation decisions. As such, Defendants' proposed ambiguous language about unidentified and unenumerated costs should be excluded from the notice.

  c. <u>Statement That Getting Paid on a Salary Basis Does Not Bar Participation</u>

Section I of the Proposed Notice includes the language "You are entitled to join the case even if you were told that you were not entitled to overtime because you were paid a salary." Defendants object to this sentence, arguing that it should not be included because it is repetitive and ambiguous.[2] Plaintiffs respectfully disagree.

It has long been Plaintiffs' counsel's experience – and both undersigned firms have extensive and sophisticated experience litigating FLSA collective actions – that potential opt-in plaintiffs in assistant manager misclassification suits (such as this) frequently misunderstand their right to join on the mistaken assumption that the overtime relief sought is only available to hourly-paid, overtime-eligible employees.  This confusion is understandable, because often potential opt-ins are employees who have never been paid overtime (despite working overtime hours) have, often, repeatedly been told that they are **not** entitled to overtime.  These individuals are not lawyers and having been told they are "salaried," they believe a claim for overtime does not exist for them.  That is why – time and again – Plaintiffs' counsel has had this language included in notices and without objection from employers (and we can, should the court desire, provide many such examples). This is a fundamental provision of a material piece of information

---

[2] Defendants object particularly to the phrase "even if you were told" in the current sentence. Plaintiffs would not object to removing that, and shortening the language simply to "You are entitled to join the case even if you were paid on a salary basis."

8

to potential opt-ins. Even if repetitious, that is only true for a lawyer, already familiar with the issues, not for potential opt-ins.

Further, this language matters because salaried collective members in cases such as these typically do not clock in and out on a daily basis, so there exists no formal record of actual hours worked for putative class members. This lack of daily time data underscores to many potential opt-in plaintiffs their mistaken belief that they cannot pursue their claims. Plaintiffs' counsel has had countless conversations with collective members in misclassification suits assuring them that they are eligible to join even though they were salaried employees with no daily records.

Plaintiffs' proposed language is informative, short, and based on experience, necessary. Moreover, there is no prejudice to Defendants by including the language – the number of individuals who receive notice, and the method by which they receive notice – will be unchanged, regardless of whether this clarifying sentence is included.

    d. *Reference to Potential Collective as "Assistant Managers" or "Managers"*

Defendants also propose revising the Proposed Notice to refer to the positions in this case (the "Culinary Manager" and the "Front of House Manager") as "Managers" throughout the Notice rather than "Assistant Managers." Plaintiffs respectfully reject that proposal for many reasons. First, the term "Manager" alone, in FLSA cases, typically refers to the top manager in a store/restaurant. That is not the case here - both the Culinary Manager and the Front of House Manager at Bonefish Grill report to the Managing Partner or General Manager – the true "Manager" of the restaurant. The positions here are appropriately described as Assistant Manager positions. This is how Plaintiffs identified the positions in its Complaint and in its Motion for Notice, and the relevant case law for assessing Plaintiffs' claims comes from prior assistant manager misclassification suits.

    e. *The Court Should Authorize a Reminder Notice*

  The Court should also authorize reminder notices to be sent half-way into the notice period to potential members who as of yet have not yet returned a consent form. *See Brown v. Discrete Wireless, Inc.*, No. 8:14-cv-1922-T-33EAJ, 2014 U.S. Dist. LEXIS 161939, *8 (M.D. Fla. Nov. 19, 2014) (granting reminder notice mirroring initial notice to those who had not yet returned a consent form); *see also Martinez v. DHL Express (USA) Inc.*, 2016 U.S. Dist. LEXIS 14304, *27-28 (S.D. Fla. Feb. 5, 2016) (allowing reminder notice 30 days after initial notice); *Burrell v. Toppers Int'l, Inc.*, 2016 U.S. Dist. LEXIS 31268, at *5 (M.D. Ga. March 11, 2016) (authorizing reminder notice halfway through notice period).  Reminder notices serve the purpose of FLSA notice in that they help ensure that potential collective members received the notice and guard against loss, accidental disregard, or other events that may have prevented receipt of the initial notice.  A reminder notice causes no prejudice to Defendant.  In undersigned counsel's experience, reminder notices make a difference in that they end up reaching collective members who, for whatever reason, were unaware of the initial notice.  To the extent notices are only sent to those who have not returned a consent form, reminder notices are not "redundant" or unnecessary.

## LOCAL RULE 3.01(G) CERTIFICATION

  Pursuant to M.D. Fla. Local Rule 3.01(g), and the Order of this Court, Plaintiffs' Counsel conferred with counsel for Defendants regarding the information needed to send notice, as well as its content and method of distribution. The Parties were unable to resolve the disputed issues raised above.

Dated: June 1, 2022         Respectfully submitted,

                 **KLAFTER LESSER LLP**
                 */s/ Seth R. Lesser*

        Seth R. Lesser*
        Christopher M. Timmel*
        KLAFTER LESSER LLP
        Two International Drive, Suite 350
        Rye Brook, NY 10573
        Telephone: (914) 934-9200
        E-mail: seth@klafterlesser.com
        E-mail: christopher.timmel@klafterlesser.com

        Gregg I. Shavitz, Fla. Bar No. 11398
        Email:  gshavitz@shavitzlaw.com
        Alan L. Quiles, Fla. Bar No. 62431
        Email:  aquiles@shavitzlaw.com
        SHAVITZ LAW GROUP, P.A.
        951 Yamato Road, Suite 285
        Boca Raton, Florida 33431
        Telephone: (561) 447-8888
        Facsimile:  (561) 447-8831

        * Admitted *Pro hac vice*

        ***Attorneys for Plaintiffs and the Collective***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 1, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sends notification of such filing to all counsel of record.

        /s/ *Seth R. Lesser*
        Seth R. Lesser