UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY MOXLEY and THOMAS SPIEGAL,
Individually and on Behalf of All Other
Persons Similarly Situated,

    Plaintiffs,

v.                                            Case No.: 8:21-cv-1760-JLB-JSS

OS RESTAURANT SERVICES, LLC
and BLOOMIN' BRANDS, INC., together
doing business as BONEFISH GRILL,

    Defendants.
_____/

## ORDER

    This is an unpaid overtime compensation case. The Court previously granted Plaintiffs' motion to conditionally certify the case as a collective action and facilitate notice as to their claim under the Fair Labor Standards Act (FLSA). (Doc. 41.) At the request of Defendants, the Court directed the parties to meet and confer as to the information needed to send notice, as well as its content and method of distribution, and for Plaintiffs to file a proposed notice and consent form. (Id. at 11.) Although the parties laudably resolved many issues and largely agree as to the content of the notice and consent form, several issues remain. (Docs. 42, 43.) Because Plaintiffs' proposed notice and consent form, as well as their various requests concerning the distribution of notice, are not approved in their entirety, their motion for approval (Doc. 42) is due to be granted in part and denied in part.

## LEGAL STANDARD

A district court has discretionary authority over the notice-giving process in collective actions. See Hoffman–La Roche Inc. v. Sperling, 493 U.S. 165, 174 (1989); see also Billingsley v. Citi Trends, Inc., 560 F. App'x 914, 921 (11th Cir. 2014) (noting district court's discretion in FLSA collective actions). In exercising this discretion, a court must "be scrupulous to respect judicial neutrality" and "avoid even the appearance of judicial endorsement of the merits of the action." Hoffman–La Roche Inc., 493 U.S. at 174. Notice should prevent the dissemination of "misleading communications" while being "timely, accurate, and informative." Id. at 171–72. The purpose is to allow employees to "make informed decisions about whether to participate" in the lawsuit. Id. at 170.

## Undisputed Issues

As noted, the parties have agreed on several matters, some of which the Court approves. First, the parties have "stipulated to a period for notice extending back three years from May 11, 2022, the date of the Order certifying a collective in this action (*i.e.,* a period starting on May 11, 2019)." (Doc. 42 at 3.) This is approved.

Next, the parties have "agreed to send notice via U.S. mail and via e-mail," and that, to this end, Defendants will produce necessary information about potential members of the collective action, including names, addresses, email addresses, and dates of employment. (Id.) Courts have approved of this method of

2

distribution, and the Court finds that it is appropriate here.  See, e.g., Pieczynski v. LCA Vision, Inc., No. 6:20-cv-1457-CEM-DCI, 2022 U.S. Dist. LEXIS 18742, at *9–10 (M.D. Fla. Jan. 14, 2022); Thomas v. Waste Pro USA, Inc., 360 F. Supp. 3d 1313, 1328 (M.D. Fla. 2019).  The agreed upon sixty-day opt-in period is also approved.  (Doc. 42-1 at 2.)

The parties have also agreed to the use of a website to inform individuals of the collective action and for putative members to submit their consent forms online. (Doc. 42 at 4.)  The content of any website is not to deviate from the content of the approved notice or consent form.  See, e.g., Sellers v. Sage Software, Inc., No. 1:17-cv-3614-ELR, 2018 WL 5631106, at *5 (N.D. Ga. May 25, 2018); Alexander v. CYDCOR, Inc., No. 1:11-cv-1578-SCJ, 2012 WL 1142449, at *9 (N.D. Ga. Apr. 6, 2012).  Further, the URL address for any website shall not include "Bonefish" or any other identifiable reference to Defendants.  (Doc. 42 at 4.)

Finally, the parties have agreed to the content of Plaintiffs' proposed consent form.  (Doc. 42-2 at 2; Doc. 43 at 2 n.1.)  However, upon review, the proposed consent form improperly requires the putative collective action members to designate Plaintiffs' counsel as their attorney instead of permitting them to exercise their "right to consult with and retain an attorney of their selection."  See Dean v. W. Aviation, LLC, No. 17-cv-62282, 2018 WL 1083497, at *3 (S.D. Fla. Feb. 28, 2018) (collecting cases and instructing that the parties "may instead submit a proposed Consent that gives opt-in plaintiffs the ability to fill in the name of their

3

selected counsel"); see also Martins v. Flowers Foods, Inc., No. 8:16-cv-3145-MSS-JSS, 2018 WL 8576598, at *3 (M.D. Fla. Oct. 22, 2018). Accordingly, the consent form must be revised to allow potential opt-in plaintiffs to choose their own attorney.

**Disputed Issues**

1. Statements Regarding Litigation Costs

The parties dispute whether the notice should include statements about costs should the FLSA claims not succeed. Specifically, Defendants request the following additional language to Plaintiffs' proposed notice: " . . . , although you may be responsible for your pro rata share of Bonefish Grill's costs (but not attorney fees) that may be incurred on your behalf and awarded to Bonefish Grill by the Court." (Doc. 43-1 at 3.) Upon review, the Court finds that the proposed language is to be modified and included in the notice as follows: "although Bonefish Grill may seek to recover its costs (but not attorney fees) from Plaintiffs and individuals who opt-in to the lawsuit." See Dean, 2018 WL 1083497, at *4 (collecting cases).

2. Statements Regarding Discovery Obligations

The parties similarly dispute whether the notice should include statements regarding possible discovery or trial obligations of opt-in plaintiffs. Specifically, Defendants propose adding the following language: "You may also be required to provide responses to written requests from Bonefish Grill, sit for a deposition, or appear at trial." (Doc. 43-1 at 3.) As with the additional language regarding

potential litigation costs, the Court agrees with Defendants that the notice should inform potential members of all obligations, including the <u>possibility</u> of responding to written requests, sitting for a deposition, or appearing at trial.  See, e.g., <u>Dyer v. M & M Asphalt Maint. Inc.</u>, No. 6:15-cv-959-Orl-37KRS, 2016 WL 11586517, *5 (M.D. Fla. July 5, 2016) (finding that notice "should include a full description of the potential consequences that opt-in plaintiffs face through their participation in the instant litigation, including a statement that they may be required to actively participate, for example, by sitting for depositions and testifying in court").  Accordingly, the proposed language of Defendants is approved.

3. <u>Statement Relating to Salary Pay</u>

Defendants object to the following statement in Plaintiffs' proposed notice: "You are entitled to join this case even if you were told that you were not entitled to overtime because you were paid a salary." (Doc. 43-1 at 2; Doc. 42-1 at 2.)  Defendants contend that the statement is unnecessary and confusing.  (Doc. 43 at 9–11.)  Without citation to any legal authority or record evidence, Plaintiffs respond that potential opt-in plaintiffs in "assistant manager misclassification suits . . . frequently misunderstand their right to join on the mistaken assumption that the overtime relief sought is only available to hourly-paid, overtime-eligible employees." (Doc. 42 at 8.)[1]   The Court agrees with Defendants that there is no indication a

---

[1] Plaintiffs offer to "provide many such examples" where the proposed language has been included in notices without objection from employers, "should the court desire." (Doc. 42 at 8.)  Any such belated showing would not change the

potential opt-in plaintiff would be confused about the effect of any salary received, and that such a statement is unnecessary in light of the notice's explanation of the nature of the FLSA claim and why the potential opt-in plaintiffs received the notice. (Doc. 42-1 at 2.)  Accordingly, the relevant language is to be removed from the notice.

    4. <u>Reference to the Collective Members as Assistant Managers or Managers</u>

Plaintiffs' proposed notice is addressed to any individual who was or is "employed by Bonefish Grill as a Culinary Manager or Front of House Manager, at any time between May 11, 2019 and May 11, 2022," and it notes that "[t]hese positions will be called 'Assistant Manager' or 'AMs' in this notice." (Doc. 42-1 at 2.) Defendants propose revising the notice to refer to the positions as "Culinary Manager" or "Front of House Manager" rather than "Assistant Managers." (Doc. 43-1 at 2.)

Plaintiffs do not refute Defendants' assertion that Defendants do not "refer to any of their employees as 'Assistant Managers' and, thus, the term is likely to be confusing to those who receive the notice." (Doc. 43 at 11.) Indeed, as noted, Plaintiffs' proposed notice is itself addressed to "Culinary Managers" and "Front of House Managers." (Doc. 42-1 at 2.) The shorthand is unnecessary, and the Court agrees with Defendants that referring to the potential opt-in plaintiffs' actual job titles is more accurate. See <u>Didoni v. Columbus Rest., LLC</u>, 327 F.R.D. 475, 481,

---

outcome here.

n.3 (S.D. Fla. 2018) (emphasizing the importance of accurately representing plaintiffs' job titles by explaining, "The relevant inquiry is whether Plaintiffs in this case all held the same job title during their employment, not whether Plaintiffs at some point held a different job title from each other") (quotation omitted). The notice is to be revised accordingly.

5. Reminder Notice

The parties further dispute whether reminder notices to the potential opt-in plaintiffs are appropriate. This Court has previously rejected such requests, and Plaintiffs point to no circumstances warranting a different outcome here. See, e.g., Bartholomew v. Lowe's Home Centers, LLC, No. 2:19-cv-695-JLB-MRM, 2021 WL 6052273, at *2 (M.D. Fla. Dec. 21, 2021). Indeed, reminder notices "can be construed as court endorsements and are redundant." Pieczynski v. LCA Vision, Inc., No. 6:20-cv-1457-CEM-DCI, 2022 WL 1238552, *5 (M.D. Fla. Jan. 14, 2022). Accordingly, reminder or follow-up notices are unnecessary and will not be permitted.

**Other Issues**

There are a few other miscellaneous points to address. First, the case caption in the notice and consent form should reflect that the lawsuit is brought against two defendants and include the full case number. (Doc. 42-1 at 2; Doc. 42-2 at 2.) Next, the second paragraph on the first page of the notice should specify the relevant timeframe for Plaintiffs' claims instead of stating "the prior three years." (Doc. 42-1

7

at 2.)  Finally, as with the issue in the proposed consent form, Section III should be revised to make clear, at the outset, that the potential opt-in plaintiffs may obtain their own counsel or proceed without counsel.  The language, "If you join the lawsuit, the lawyers listed below will represent you . . . " suggests otherwise and is to be revised.  (Doc. 42-1 at 2.)

## CONCLUSION

Plaintiffs' motion to approve their proposed notice and consent form (Doc. 42) is GRANTED in part and DENIED in part.  Plaintiffs are directed to file a revised notice and consent form consistent with this Order on or before July 19, 2022.  In accord with Local Rule 3.01(g), Plaintiffs shall include certification of good faith conferral with opposing counsel and note whether Defendants have any objections to the proposed notice and consent form based on the revisions made and not previously raised.  The Court again commends the parties' continued cooperation and good faith efforts to confer in this matter.

**ORDERED** in Tampa, Florida this 5th day of July, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE